## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BARRETT L. DAVISON                                      )

     Plaintiff,                                          )

v.                                                      )     Case # CIV-21-57-J

CITY OF GUTHERIE, OKLAHOMA and BILL DARBE  )

     Defendants.                                      )


<u>COMPLAINT</u>

Comes now Plaintiff, Barrett L. Davison by and through his Attorney of Record, Lewis A. Berkowitz and for his Causes of Action against Defendants, City of Guthrie, Oklahoma and Bill Darbe, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

<u>PRELIMINARY STATEMENT</u>

1. Plaintiff Barrett L. Davison brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and all attendant Oklahoma state common law and statutes, for violations of his civil rights, as these rights are secured by the statutes and the Constitutions of the State of Oklahoma and the United States.

2.  At all times hereinafter mentioned, the Defendant City of Guthrie, Oklahoma was a Municipal corporation duly existing under and by virtue of the laws of the State of Oklahoma and doing business in the State of Oklahoma.

3.  At all times hereinafter mentioned, Defendant Bill Darbe was an employee  of the City of Guthrie, Oklahoma, acting  in his capacity as a Code Enforcement Officer, and under color of law.

4.  All acts and incidents complained of occurred in Logan County, City of Guthrie, Oklahoma.

5. All conditions and requirements precedent to the commencement of this action have been complied with including the submission of the Claim to Defendants, City of Guthrie, Oklahoma and Bill Darbe pursuant to the Governmental Tort Claims Act, 51 O.S. Sections 151 through 200.  The Claim was denied by letter dated July 27, 2020, metered or post marked July 28, 2020 and received July 29, 2020.  The denial was the final act complained of, although the overall process complained of appears to be ongoing and damages continue to accrue.

6. Defendants are jointly and severally liable for all  of  Plaintiff's  damages, including  but  not  limited  to  Plaintiff's  non-economic  loss.  Defendants owed Plaintiff a non-delegable duty of care.

7. Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, by reason of the fact Defendants acted with reckless disregard of the rights of others.

8. Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, by reason of the fact Defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to Plaintiff's damages.

9. Plaintiff has been damaged in an amount which exceeds the sum of $75,000.00 and the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction. The exact amount of damages are to be determined upon the trial of this action.

<u>STATEMENT OF FACTS</u>

10. Plaintiff is the owner of real estate located at 219 W. Lincoln Ave. Guthrie, Logan County, Oklahoma 73044. Defendants issued a Notice action might be taken against the property and gave notice of a Meeting on February 19, 2019. Plaintiff contacted Defendant Bill Darbe and advised Plaintiff intended to attend the meeting or send representation and intended to make all necessary improvements to the real estate required by Defendants or if the required improvements could not be done, to demolish the existing building on the real

estate.  The meeting scheduled for February 19, 2019 was cancelled because of

bad weather.  Defendants never gave Plaintiff Notice of the rescheduled meeting

that took place on March 5, 2019 even though Plaintiff called and spoke to or left

detailed messages for Defendant Bill Darbe advising Plaintiff wanted to either

attend or send representation to the rescheduled meeting.

11.  At the Meeting of which Plaintiff had no Notice on March 5, 2019, Defendant

Bill Darbe and Defendant City of Guthrie, Oklahoma made a record Plaintiff

intended to demolish the building on the real estate at Plaintiff's expense, but

failed to make a record Plaintiff intended to make all improvements to the real

estate required by Defendants.

12.  Defendants either deliberately or negligently failed to provide Plaintiff Notice

of the rescheduled meeting and only provided a portion of Plaintiff's intentions.

With no further Notice to Plaintiff, in spite of Plaintiff's attempts to communicate

with Defendants, Defendants hired a private firm to demolish the building on

Plaintiff's real estate at a cost in excess of what Plaintiff could have demolished the

building and now this demolition bill is a lien on Plaintiff's property.

13.   None of the aforementioned acts were protected by legal privilege, nor were

such acts legally justified. The occurrence and the injuries and damages sustained

by Plaintiff were due solely to the deliberate and malicious acts or negligence,

carelessness, recklessness and willful misconduct of the City of Guthrie, Oklahoma and or Bill Darbe, its agents, servants and or employees.

14. The occurrence and the injuries and damages sustained by Plaintiff were due solely to the deliberate and malicious acts and or negligence, carelessness, recklessness and willful misconduct of the Defendants, City of Guthrie, Okahoma and or Bill Darbe, its agents, servants and or employees.

   15.  As a result of the Defendants' conduct, Plaintiff has been caused to suffer, severe anxiety, humiliation, and embarrassment, damage to personal reputation, apprehension, fear and distrust of the government, emotional and psychological trauma, loss of income, and violation of rights under the U.S. and Oklahoma Constitutions, and applicable statutes and case law.

   FIRST CAUSE OF ACTION:  FAILURE TO INTERVENE UNDER 42 U.S.C. 1983

   16.  Plaintiff repeats and realleges each and every allegation in paragraphs one to fifteen as if fully set forth herein and he further alleges as follows.

   17.  Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

18.  As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has sustained substantial compensable losses, including deprivation of Due Process, destruction of property, the filing of a lien and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $75,000.00.

19.  At all material times and in doing the things alleged herein, Defendants knew Plaintiff was relying on the rights, representations, promises and policies as promised by Defendants and each of them.  Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

Wherefore, Plaintiff prays for Judgment against Defendants and each of them, jointly and severally in an amount in excess of $75,000.00 actual

damages, for punitive and exemplary damages in an amount in excess of $75,000.00 for costs of this action, for a Jury trial and for such other relief as the Court deems just and equitable.

SECOND CAUSE OF ACTION:  NEGLIGENT HIRING AND RETENTION

20.  Plaintiff repeats and realleges each and every allegation contained in paragraphs one through nineteen as if fully set forth herein, and further alleges as   follows.

21.  Defendant City of Guthrie, Oklahoma is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and or negligent failure to adequately hire, train, supervise, retain and discipline its agents and or employees employed by the City of Guthrie, Oklahoma, including Defendant, Bill Darbe with regard to the duties described above.

22.  The misconduct by Defendant Bill Darbe described above and below, in particular evidences the failure to adequately hire, train, supervise, retain and discipline the City of Guthrie, Oklahoma's employees.

23. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has sustained substantial compensable losses, including deprivation of Due Process, destruction of property, the filing of a lien and economic losses, such as attorney fees, loss of credit, interest on borrowed

money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $75,000.00.

24.  At all material times and in doing the things alleged herein, Defendants knew Plaintiff was relying on the rights, representations, promises and policies as promised by Defendants and each of them.  Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

Wherefore, Plaintiff prays for Judgment against Defendants and each of them, jointly and severally in an amount in excess of $75,000.00 actual damages, for punitive and exemplary damages in an amount in excess of $75,000.00 for costs of this action, for a Jury trial and for such other relief as the Court deems just and equitable.

THIRD CAUSE OF ACTION:  VIOLATIONS OF THE RIGHT TO A FAIR

PROSECUTION AND DUE PROCESS OF LAW UNDER 42 U.S.C 1983

25.  Plaintiff repeats, reiterates, and re-alleges each and every allegation

contained in paragraphs one through twenty four with the same force and

effect as if fully set forth herein.

26.  Defendant Bill Darbe falsely and by omitting relevant facts, made a

record with Defendant City of Guthrie, Oklahoma, Plaintiff intended to

demolish the building on Plaintiff's real estate.

27.  Defendant, Bill Darbe made a record these same false and omitted

statements to Defendant, City of Guthrie, Oklahoma which acted upon this

false and omitted representations.

28.  The statements by Defendant, Bill Darbe and actions by Defendant City

of Guthrie, Oklahoma, consisted of fabricated and falsified information was

ratified by Defendant, City of Guthrie, Oklahoma, and Defendants continue

to so act and last acted July 28, 2020 when the denial of Plaintiff's complaint

was communicated and received by Plaintiff.

29.  Defendants failed to timely disclose material favorable to the Plaintiff in

contravention of the Notice and Due Process provisions of the Constitutions

of the United States and the State of Oklahoma as well as statutory, case

and ordinances of the State of Oklahoma and Defendant, City of Guthrie, Oklahoma.

30.  Defendants acting individually and in concert and conspiracy, deliberately, and recklessly deprived Plaintiff of his rights.

31.  At all times Defendant Bill Darbe was acting within the scope of his employment with the Defendant, City of Guthrie, Oklahoma.

32.  This information caused Plaintiff to be denied his right to a fair Notice, right to be Heard and Due Process in violation of the Fifth, and Fourteenth Amendments of the United States Constitution.

Wherefore, Plaintiff prays for Judgment against Defendants and each of them, jointly and severally, in an amount of at least $75,000.00, an Attorney fee in a reasonable amount, for all costs in this action, for a jury trial and for such other relief as the Court deems just and equitable.

<u>FOURTH CAUSE OF ACTION:  FRAUD</u>

Paragraphs 1-32 are incorporated by reference.

33.  Defendants and each of them made representations and promises to carry out the mandated laws, ordinances and constitutional rights with no intention of performing them or interpreting in good faith such terms and provisions as evidenced by the failure to provide Notice of the rescheduled

meeting or to accurately present Plaintiff's position.  Defendants and each of them knew such promises were false and were made with the intent and purpose to deceive Plaintiff, the general public, and all others similarly situated, and to induce Plaintiff to fail to appear and assert his rights and position and accept the protection of the promises, representations and policies set forth in the law.  Defendants and and each of them further knew Plaintiff believed such representations, promises and policies to be true and that Plaintiff would and did justifiably rely on such promises set forth in the law.

34.  As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has sustained substantial compensable losses, including deprivation of Due Process, destruction of property, the filing of a lien and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $75,000.00.

35.  At all material times and in doing the things alleged herein, Defendants knew Plaintiff was relying on the rights, representations, promises and policies as promised by Defendants and each of them.  Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

Wherefore, Plaintiff prays for Judgment against Defendants and each of them, jointly and severally in an amount in excess of $75,000.00 actual damages, for punitive and exemplary damages in an amount in excess of $75,000.00 for costs of this action, for a Jury trial and for such other relief as the Court deems just and equitable.

## FIFTH CAUSE OF ACTION:  INTERFERENCE WITH A PROTECTED PROPERTY INTEREST

Paragraphs 1-36 are incorporated by reference.

36.  At all material times and in doing the things alleged, Defendants and each of them knew Plaintiff was relying on the rights, representations, promises

and policies as promised by Defendants and each of them as set forth in the laws, ordinances and constitutional rights and had a protected property interest in such rights. Nevertheless, Defendants intentionally and willfully interfered with such protected property interest of Plaintiff by failing to apply a reasonable interpretation of the facts or law.

37. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has sustained substantial compensable losses, including destruction of property, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $75,000.00.

38. At all material times and in doing the things alleged herein, Defendants and each of them knew Plaintiff was relying on the rights and representations, promises and policies as promised in the laws, ordinances and constitution by Defendants. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the

probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendants and each of them jointly and severally in an amount in excess of $75,000.00 actual damages, an amount in excess of $75,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

## SIXTH CAUSE OF ACTION:  BREACH OF FIDUCIARY DUTY

Paragraphs 1-38 are incorporated by reference.

39.  Defendants, by making the representations, promises and policies in the laws, ordinances and constitutions to Plaintiff, Defendants agreed and promised that if Plaintiff followed the laws and procedures established by Defendants, then the duty of Defendants to live up to those promises, procedures and policies set forth in the laws and procedures would arise.

40.   Plaintiff performed the policies and procedures which gave rise to Defendants and each of them a duty to live up to those promises, representations and policies in the laws and policies as alleged.  After this duty to live up to the representations, promises and policies in the laws and policies arose, such benefits were no longer the property of Defendants and each of them but were held by Defendants and each of them for the sole benefit and use of Plaintiff thereby creating a fiduciary relationship between Defendants and each of them and Plaintiff.  A beneficiary is entitled to a remedy which will put him in the position in which he would have been if the trustee had not committed the breach of trust.

41.  Defendants and each of them have breached their fiduciary duty owed to Plaintiff by the acts or omissions set forth herein, all to Plaintiff's damage as alleged.

42.  As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has sustained substantial compensable losses, including property damage, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional

distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $75,000.00.

43.  At all material times and in doing the things alleged herein, Defendants and each of them knew Plaintiff was relying on the representations, promises and policies in the laws and policies as promised by Defendants and each of them.   Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

 WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendants and each of them, jointly and severally, in an amount in excess of $75,000.00 actual damages, an amount in excess of $75,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

## SEVENTH CAUSE OF ACTION:  RICO

Paragraphs 1-43 are incorporated by reference.

44.  Defendants and each of them, devised a device, artifice and a scheme to defraud Plaintiff for the purpose of obtaining from Plaintiff money and or property in a manner prohibited by 18 U.S.C. sections 1341 and 1343.

45.  In the course of and in furtherance of Defendants' scheme to defraud Plaintiff, Defendants utilized or caused to be utilized the United States Mail and interstate wire facilities on two or more occasions within the past ten years.

46.  By reason of the foregoing, Defendants and each of them devised, participated and conspired with others in practices, schemes, artifices, devices and conduct which constitute a pattern of racketeering activity as defined in 18 U.S.C. section 1961.

47.  Defendants and each of them and their agents, individually or in an association between or among two or more of them, constitute an enterprise as defined in 18 U.S.C. section 1961(4).

48.  The activities of the enterprise affected interstate or foreign commerce.

49.  Defendants and each of them, in their association with the enterprise, conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, thereby violating 18 U.S.C. section 1962(c).

50.  As a direct and proximate result of the conduct of Defendants, Plaintiff has sustained substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $75,000.00.

50.  At all material times and in doing the things alleged herein, Defendants and each of them knew Plaintiff was relying on the representations, promises and policies as promised by Defendants and each of them.  Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and

did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendants and each of them, jointly and severally in an amount in excess of $75,000.00 actual damages, an amount in excess of $75,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

<u>EIGHTH CAUSE OF ACTION:  ROBINSON-PATMAN ACT</u>

Paragraphs 1-50 are incorporated by reference.

51.  Defendants and each of them engaged in interstate commerce and in the course of such commerce paid to agents and employees of Defendants and each of them commissions or compensation in the form of secret payments, excessive payments or bribes to induce these agents and employees of Defendants and each of them to obtain debris removal from Plaintiff's land at an inflated price.

52.  Such payments constitute commercial bribery, a per se violation of section 2(c) of the Robinson-Patman Act 15 U.S.C. section 13(c).  By reason of

the unlawful payments made by Defendants and each of them to their agents and employees, the damages sustained by Plaintiff in an unliquidated amount that continues to accrue, include property damage, an attorney's fee, all costs of this action and interest.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendants and each of them, jointly and severally in an amount in excess of $75,000.00 actual damages, an amount in excess of $75,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

## NINTH CAUSE OF ACTION:  CONVERSION

Paragraphs 1-52 are incorporated by reference.

53. On or about August 28, 2019, Defendants and each of them converted to its own use the building on Plaintiff's property, which is the property of Plaintiff.

54.  As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has sustained substantial compensable losses, including property damage, and economic losses, such as attorney fees, loss of credit,

interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $75,000.00.

55.  At all material times and in doing the things alleged herein, Defendants and each of them knew Plaintiff was relying on the building taken. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendants and each of them, jointly and severally in an amount in excess of $75,000.00 actual damages, an amount in excess of $75,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

<u>TENTH CAUSE OF ACTION:  SLANDER OF TITLE CANCELLATION OF LIEN</u>

 Paragraphs 1-55 are incorporated by reference.

56.  Defendants and each of them, without express or implied consent, used

improperly and without Notice, caused a lien to be filed of record against

Plaintiff's real estate.   The lien is unlawful, wrongful and must be

cancelled of record.  Plaintiff has requested the release of the lien but

Defendants and each of them have failed and refused to release the lien

resulting in a cloud on Plaintiff's title and slander of title resulting in

damages in an amount in excess of $75,000.00..

57.  At all material times and in doing the things alleged herein, Defendants

and each of them knew Plaintiff was relying on the real estate having a

clean title.  Nevertheless, acting fraudulently, oppressively, maliciously,

and outrageously toward Plaintiff, with conscious disregard for Plaintiff's

known rights and with the intention of causing or willfully disregarding

the probability of causing unjust and cruel hardship to Plaintiff ,

Defendants and each of them intended to and did vex, injure and annoy

Plaintiff so as to justify the assessment of punitive and exemplary

damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendants and each of them, jointly and severally in an amount in excess of $75,000.00 actual damages, an amount in excess of $75,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

## ELEVENTH CAUSE OF ACTION:   BAD FAITH

Paragraphs 1-57 are incorporated by reference.

58.  At all material times, Defendants and each of them, knowing Plaintiff's claim to the property taken and retained by Defendants and each of them is wholly valid and should be paid and returned, has wrongfully and in breach of the implied covenant of good faith and fair dealing, withheld and denied money and property due Plaintiff.  In denying Plaintiff's claim for money and property, Defendants and each of them have acted wrongfully and unreasonably.

59.  Defendants and each of them, knowing that such money and property was justly due, and that such money was necessary to pay Plaintiff's necessities of life, nevertheless has deprived Plaintiff of the money and property.

60.  Defendants and each of their refusal to pay the money and property due compelled Plaintiff to engage legal counsel and to initiate litigation to recover such money and property.

61.  As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has sustained substantial compensable losses, including money withheld, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in the amount of at least $75,000.00.

62.  At all material times and in doing the things alleged herein, Defendants and each of them knew Plaintiff was relying on the financial assistance from the property taken by Defendants and each of them.  Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendants and each of them jointly and severally in an amount in excess of $75,000.00 actual damages, $75,000.00 punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action and such other relief as the Court may deem just and equitable.


## TWELFTH CAUSE INVERSE CONDEMNATION

Paragraphs 1-62 are incorporated by reference.

63.  Defendants and each of them, appear to be acquiring property around a park that is nearby Plaintiff's real estate.  This property, including Plaintiff's real estate appears to be coveted by Defendants and each of them for a public purpose.  Defendant's actions complained of appear to be a scheme to acquire Plaintiff's real estate without attempting to negotiate in good faith the acquisition of Plaintiff's property or alternatively to avoid having to acquire Plaintiff's real estate or otherwise exercise its right of condemnation.  Defendant and each of their actions have resulted in a taking of Plaintiff's real estate without just compensation and Plaintiff seeks compensation for this inverse condemnation in an amount in excess of $75,000.00.

64.  Defendants and each of them, knowing that such money and property was justly due, and that such money was necessary to pay Plaintiff's necessities of life, nevertheless has deprived Plaintiff of the money and property.

65.  Defendants and each of their refusal to pay the money and property due compelled Plaintiff to engage legal counsel and to initiate litigation to recover such money and property.

66.  As a direct and proximate result of the conduct of Defendants and each
of them, Plaintiff has sustained substantial compensable losses, including
money withheld, and economic losses, such as attorney fees, loss of credit,
interest on borrowed money, travel and other incidental expenses, and
has suffered embarrassment, humiliation, physical, severe mental and
emotional distress and discomfort, all to Plaintiff's detriment and damage
in the amount of at least $75,000.00.

67.  At all material times and in doing the things alleged herein, Defendants and each of them knew Plaintiff was relying on the financial assistance from the property taken by Defendants and each of them.  Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendants and each of them jointly and severally in an amount in excess of $75,000.00 actual damages, $75,000.00 punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action and such other relief as the Court may deem just and equitable.

## THIRTEENTH CAUSE OF ACTION:  ABUSE, MALICIOUS USE OR MALICIOUS ABUSE OF THE LEGAL PROCESS

Paragraphs 1-67 are incorporated by reference.

68.  Defendants and each of them, started the proceedings and failed to give Notice for the ulterior motive of negotiating a lower purchase price for Plaintiff's real estate or avoiding the condemnation process.

69.  In so acting, Defendants and each of them abused the legal process or otherwise maliciously abused the legal process or otherwise maliciously used the legal process.

70.  Defendants and each of their refusal to pay the money and property due compelled Plaintiff to engage legal counsel and to initiate litigation to recover such money and property.

71.  As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has suffered irreparable harm and Defendants started the proceeding for which no Notice was given in an effort to intimidate and preempt Plaintiff from seeking just compensation and Plaintiff has sustained substantial compensable losses, including property damage, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in the amount of at least $75,000.00.

72.  At all material times and in doing the things alleged herein, Defendants and each of them knew Plaintiff was relying on the financial assistance from the property taken by Defendants and each of them.  Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendants and each of them intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendants and each of them jointly and severally in an amount in excess of $75,000.00 actual damages, $75,000.00 punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action and such other relief as the Court may deem just and equitable.

Respectfully submitted,

s/Lewis A. Berkowitz

_____
Lewis A. Berkowitz OBA #733
Attorney for Plaintiff

4334 N.W. Expressway Suite 249
Oklahoma City, OK 73116
405-843-7044
405-285-2019
berkolaw@cox.net